NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOFTKETEERS, INC., a California corporation, | No. 19-55529 |
| Plaintiff-Appellee, | D.C. No. 8:19-cv-00519-JVS-JDE |
| v. | |
| REGAL WEST CORPORATION, DBA Regal Logistics, a Washington corporation; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted November 5, 2019
Submission Deferred November 8, 2019
Resubmitted December 13, 2019
Pasadena, California

Before: FARRIS, McKEOWN, and PARKER,** Circuit Judges.

Regal West Corporation ("Regal") appeals from the district court's order

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

granting Softketeers, Inc.'s ("Softketeers") motion for a preliminary injunction in its action for copyright infringement and misappropriation of trade secrets. The parties are familiar with the facts, so we do not repeat them here.

We review a district court's order granting a motion for a preliminary injunction for abuse of discretion. *adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 753 (9th Cir. 2018). We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm in part and remand in part.

A motion for a preliminary injunction is governed by the multi-factor test outlined by the Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Under the *Winter* test, the plaintiff has the burden to establish: (1) likelihood of success on the merits, (2) that the plaintiff is likely to suffer irreparable harm if the preliminary injunction is not granted, (3) that the balance of equities favors the plaintiff, and (4) that the injunction is in the public interest. *Id.*

Applying the *Winter* factors, the district court did not abuse its discretion in granting Softketeers's motion for a preliminary injunction. The court concluded that, on the record before it, Softketeers had established a likelihood that it would succeed on its copyright and misappropriation of trade secrets claims, that it would likely suffer irreparable harm absent a preliminary injunction, that the balance of equities favored Softketeers, and that the injunction was in the public interest.

2

The district court also did not abuse its discretion by issuing the preliminary injunction without an evidentiary hearing. In our circuit, there is no presumption that the issuance of a preliminary injunction requires an evidentiary hearing. *See Int'l Molders' & Allied Workers' Local Union v. Nelson*, 799 F.2d 547, 555 (9th Cir. 1986).

We remand to the district court the issue of the bond imposed in conjunction with the preliminary injunction. Federal Rule of Civil Procedure 65(c) allows the district court to require a party to post "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." After considering the dispute between the parties as to the potential costs and damages of a wrongful injunction, the district court imposed a bond of $75,000. However, the district court did not provide a rationale for this low bond. We remand to the district court to provide a reason why it arrived at that figure and, if appropriate, reconsider the amount of the bond.

**AFFIRMED IN PART AND REMANDED IN PART.**

Each party shall pay its own costs on appeal.